UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **HICKERSON ESTATE, ET AL** | **CIVIL ACTION NO. 14-CV-2652** |
| **VERSES** | **JUDGE WALTER** |
| **BOARD OF VETERAN APPEAL, ET AL** | **MAGISTRATE KAY** |

CONSOLIDATED WITH

| | |
|---|---|
| **HICKERSON ESTATE, ET AL** | **CIVIL ACTION NO. 14-CV-2815** |
| **VERSUS** | **JUDGE WALTER** |
| **NEW ORLEANS VA REGIONAL OFFICE, ET AL** | **MAGISTRATE KAY** |

## MEMORANDUM ORDER

Before the court are two complaints filed *in forma pauperis* by *pro se* plaintiffs Shelby Hickerson and Staci Hickerson[1]. Plaintiffs' complaints entitled "Verified Civil Rights Complaint" allege violations of numerous constitutional rights and federal statutory provisions.[2] *See* Doc. 1, ¶¶ 2, 3. As defendants, plaintiffs name the Board of Veteran Appeal, Board of Veteran Affairs, Congressman Andre Carson, United States of America, Does 1-100, Doe Corporations 1-100, Doe Entities 1-100, Disabled American Veterans, Donna Surrett, Kim Rudolph, Nathan Bennett, Ms. Craig, Supervisor Eric and Hilmer Herman [in No. 2:14-cv-2652], and the New Orleans VA Regional Office, Indianapolis VA Regional Office, Congressman

---

[1] The Shelton Hickerson, Sr. Estate is also a named plaintiff. Below we discuss how the Estate is not a proper party.
[2] Because they allege civil rights violations by federal defendants, these actions are construed as being brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.

Andre Carson, DFAS Cleveland, Michael R. Stephens, Louis Wagner, Leonard Wallace, Donna Surrett, Jarnell Craig, Yvonne Hamilton, Robert Dean Slicer, Ena J. Lima, Dean Slicer, Donna J. Morton, Does 1-100, Doe Corporations 1-100, and Doe Entities 1-100 [in No.2:14-cv-2815].

Plaintiffs have been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Because they have been granted *pauperis* status under 28 U.S.C. §1915(e)(2) a district court is directed to review the action and dismiss it before service on the defendants if the court determines that:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal─
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Consequently, this court will conduct a preliminary review of the complaint before service on defendants.

## I.
### *Summary of the Complaint*

While the allegations contained in the complaints are vague and it is difficult to discern the exact contours of the plaintiffs' claims, it appears that the plaintiffs' father, who is now deceased, was a disabled veteran. At some point in time he applied for disabled veteran benefits. He appealed a decision of the Department of Veterans Affairs in 2003 and was awarded benefits in September 2010. Plaintiffs allege that the decedent's family received the benefits in June

2014. Plaintiffs are seeking damages of $500 million dollars against defendants for failing to inform the family that benefits were awarded until 2012.

## II.
## Law and Analysis

### A. Bivens Action/42 U.S.C. §1983

As noted, plaintiffs have filed *Bivens* actions. According to the Fifth Circuit, a *Bivens* action is analogous to a statutory action brought under 28 U.S.C. § 1983, and thus the analysis of a *Bivens* action is the same as a 1983 action. *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). Section 1983 and *Bivens* proscribe conduct by any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. Thus, an initial inquiry in a *Bivens* lawsuit is whether plaintiffs have alleged that their constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable *Bivens* claim. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985). In order to hold a defendant liable under *Bivens*, the plaintiffs must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of law. *Id.*

Plaintiffs should amend their complaints to properly set forth allegations as described above.

### B. Rule 8 Considerations

Federal Rule of Civil Procedure Rule 8 provides:

A pleading that states a claim for relief must contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2)     a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8. Plaintiffs have provided little factual information in support of their allegations and the alleged actions of the defendants. While Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, it does require a plaintiff to allege *specific facts* **which support the conclusion that his or her constitutional rights were violated by *each person* who is named as a defendant.** This conclusion must be supported by specific factual allegations stating the following:

> (1) the name(s) of each person who allegedly violated plaintiffs' constitutional rights;
>
> (2) the domicile of each named defendant;
>
> (3) a description of what actually occurred and what each named defendant did to violate plaintiff's constitutional rights;
>
> (4) the place and date(s) that each event occurred.

Plaintiffs have not provided the detail required by Rule 8 and should amend their complaint accordingly.

Additionally, plaintiffs' complaints contain several paragraphs that do not comply with the above cited rule. In their complaint plaintiffs cite to numerous legal treatises and case law; for example, paragraphs I, V, VI, VII, VIII, IX, X, XI, and XII, presumably in support of their claims. As noted above, Rule 8 does not require this in a pleading. As such, plaintiffs should amend their complaint to strike these unnecessary paragraphs.

### C. *Improper Plaintiffs*

Plaintiffs are advised that, under F.R.C.P. Rule 17(b)(3), we look to the law of the state where the court is located, in this case Louisiana, to determine capacity to sue or be sued. Under Louisiana law the proper party following demise of the person who would have been the party is

the representative appointed in the succession proceeding brought as a result of the death. The proper party is not the succession itself or the estate. *State Through Dept. of Transp. & Dev. v. Estate of Davis*, 572 So.2d 39, 42 (La.1990) (citing, La.Code Civ.P. Art. 734; *Holland v. Unopened Succession of Holland*, 562 So.2d 1022 (La.App. 3d Cir.1990)).

There exist no legal entity known as the "Shelton Hickerson, Sr. Estate" and it cannot be considered a plaintiff. Furthermore, if Shelby Hickerson and/or Staci Hickerson has not been appointed as succession representative, they are likewise improper plaintiffs.

Plaintiffs should either amend their complaint to properly designate the procedurally proper plaintiff or if they have not been appointed succession representative, dismiss their complaint.

### D. Limitations

The statute of limitations for a *Bivens* action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010). Under Louisiana law an individual has one year from the date of injury or damage in which to file suit. La. Civ. Code Ann. art. 3492. However, the date the limitations period begins to run is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).

Federal law is clear: "... the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981).

Plaintiffs' complaint alleges that "Shelton Hickerson Sr. filed his appeal in 2003 with representatives from Disable American Veterans (DAV) won the award in 2010 but did not

inform the family until 2012 and after several request sent an award letter in June 2013." Doc. 1, ¶ 15. Plaintiffs filed their complaint on September 2, 2014, seemingly over a year after they had knowledge of the potential claim.

Plaintiffs should amend their complaint to show that their claims are not prescribed.

### III.
### *Conclusion*

Plaintiffs' *pro se* complaints are deficient in a number of respects as discussed above. Before this court determines the proper disposition of plaintiffs' claims, they should be given the opportunity to remedy the deficiencies of the complaints or dismiss those claims that they cannot remedy. *Evans v. Tarrant County Sheriff's Dept.,* 987 F.2d 771 (5th Cir. 1993).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiffs with a copy of this Order.

**IT IS ORDERED** that plaintiffs amend their complaints within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss the claims they are unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.**

THUS DONE this 25th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE